Harrison, et al. v. Foster, et al.

## HARRISON, ET AL. v. FOSTER, ET AL.

1. A bequest of perishable chattels to one for life, with remainder to another, without some direction as to the mode of enjoyment, shows the intention of the testator, that each taker shall have the same mode of enjoyment, and this is the rule, whether the bequest is general or specific, or of a residuum. But the general rule is controlled by the intention of the testator shewing how the tenant for life is to enjoy the estate: *Held therefore,* that when the bequest was, that so much of the testator's stock or town property as was sufficient to pay his debts, should be sold, and the residue of his property was given to his wife during her life or widowhood, (with remainder over,) to use in any necessary or lawful way, to sell for a valuation, or to dispose of all or any part for her convenience or necessary use, was a bequest of the use of the property in kind, and that the executors of the wife were accountable for such only as remained in specie, or were sold during her life-time, but not for necessary use.

WRIT of error to the Court of Chancery for the 3d District.

This bill is filed by Foster and others against Harrison and another, as the executors of the will of Polly Foster, deceased, and its object is to obtain an account of the estate of Isaiah Fos-

ter, who died testate in Alabama, sometime in the year 1821, and upon whose will letters testamentary were then granted *to Polly* Foster, his widow. The clause of his will, of which the construction is involved in this cause, is as follows, to-wit :

" I desire that so much of my stock or loose property be immediately sold after my decease as shall be sufficient to pay all my just debts. The residue of my property, with a few exceptions, I give to my wife Polly Foster, during her life or widowhood, to use in any necessary or lawful way—to sell for a valuation, dispose of all or any part thereof for her conveniency or necessary use. With the approbation of my other executors, to sell any land, and remove the personal property to any part of the United States she intends moving to, and at her death, or marriage, should it so happen, one-half of the said property, or its proceeds, to my friends ; the other half entirely at her own disposal, except, &c:" " Should my wife marry, any choice negroes she is at liberty to take at valuation." This will was made in South-Carolina in 1816, but afterwards, the testator removed to Alabama, where he died in 1821.

The Chancellor decreed for the complainants, and among other matters, " as to the articles of personal property, embracing such things as were liable to be worn out, or were necessarily consumable in the use, the tenant for life was bound to leave an amount in kind, equal to the amount she received ; and if such an amount was not left by her, then her executors were bound to account for the deficiency. An account was directed to be taken before the master, charging interest from the death of Mrs. Foster, which occurred in 1834.

Exceptions were taken to the master's report, but need not be specially noticed here, as all the points insisted on arise on the decree.

This portion of the decree is assigned as error.

ERWIN and MURPHY for the plaintiffs in error, insisted,

1. When a personal article, which must be consumed by its use, is given for life, with remainder over, the first taker has the absolute property. (Evans v. Inglehart, 6 G. & John. 171 ; 2 Lomax on Ex. 71 ; 1 Eq. Ca. Ab. 361 ; Percy v. Terrell, 1 Dev. & Batt. 441.)

2. But the construction depends on the intention, and here

Harrison, et al. v. Foster, et al.

the will expressly provides that the life owner shall use the property in any necessary way; clearly indicating that she is not to be responsible for its destruction.

A. GRAHAM, of Greene, contra, argued,

1. The rule is general, when chattels consumable in their use are given, the tenant for life takes the property of the bequest as *specific;* but if under a residuary clause, the chattels must be sold, and the interest enjoyed for life. (Randell v. Russell, 3 Merrivale, 194; Madder v. Madder, 2 Leigh, 389; Robertson v. Collier, 1 Hill's S. C. Eq. 373; Smith v. Barnham, 2 Dev. Eq. 426; Gee v. Gee, 2 D. & B. Eq. 113.

2. The question of interest was properly settled, but here there was no appeal from the master's decision on the exceptions, so that cannot be now opened. (7 Ala. Rep. 227.)

GOLDTHWAITE, J.—There is great difficulty in laying down rules, by which wills shall be construed under all circumstances, because when the intention of the testator is conformable to law, that must govern. It is only when the terms of the will are so obscure or ambiguous that the intention cannot be certainly ascertained that rules are of much use. When therefore, we find decisions declaring there can be no remainder created of a chattel which is ordinarily consumable in its use, we are constrained to consider them as applying chiefly, if not entirely, to the particular cases then examined. If the intention is clearly expressed to create such a remainder, there seems no legal impediment to doing so. The case of Hazle v. Baradale, 1 Eq. Ca. Ab. 361, is illustrative of the legality of such a bequest, and shews also what inferences arise when the bequest is general instead of special. It was a general bequest by a farmer, of his stock (which consisted of corn, hay, cattle, &c.) to his wife for life, and after her death to another. The bequest over was held good, but if any of the cattle were worn out in using, the first taker was considered not answerable for them; but if any were sold as useless, he was to answer for their value at the time of sale. The case of Howe v. Dartmouth (7 Vesey, 137,) shews, that when the testator provides for the manner in which the life-estate is to be enjoyed, the bequest is withdrawn from the general rule, that the tenant for life and the remainder man are to be equally pro-

tected. Lord Eldon says, " The estate is given as all his per-
sonal estate, and the mode in which he (the testator) says it is to
be enjoyed, is to one for life, and to the others afterwards ; and
*unless the testator directs the mode, so that the perishable part
shall continue as it was*, the Court understands that it shall be put
in such a state that the others may enjoy it after the decease of
the first." The principle thus stated, is clear and obvious to eve-
ry one—a bequest of perishable chattels to one for life, with re-
mainder to another, without some direction as to the mode of en-
joyment, shews the intention of the testator that each taker shall
have the same mode of enjoyment, and this can only be by a sale
of the chattel, or by charging the first taker with the value.
This, in effect, is the general rule, stated in Porter v. Tourney, 3
Vesey, 311, and Randall v. Russell, 3 Merrivale, 190 ; though
the qualification of the rule by the intention of the testator is not
stated, nor was it necessary to be stated, as in neither case was
the point presented for decision.

The case of Madder v. Madder, (2 Leigh, 277,) is one where
the general rule was governed by the intention as gathered from
the whole will ; and Smith v. Barham (2 Devereux Eq. 420,) is
a will where there was no apparent intention to control the gen-
eral bequest.

The decision in Robinson v. Collier, (1 Hill's Eq. 370,) cer-
tainly seems irreconcileable with the principle as stated by Lord
Eldon ; for, in our judgment, the testator there seems to have
disregarded the manner in which the estate for life should be en-
joyed ; but the decision turns upon the supposed distinction be-
tween a *specific* bequest, and the bequest of a *general* estate, or
a *general residuum.* This distinction seems to rest on the *obiter
dicta* of Lord Alvanley and Sir William Grant, in the cases of
Porter v. Tournay, and Randall v. Russell, previously cited ; but
it is denied in Madder v. Madder, before cited, and Evans v.
Inglehart, (8 G. & J. 171.) For ourselves, we are entirely sa-
tisfied the true principle is stated by Lord Eldon in Howe v.
Dartmouth, previously quoted, and that when the intention is
otherwise clear, it makes no difference whether the bequest is
specific, or general, or of a residuum, It comes then to an en-
quiry as to the intention of the testator, and when the will in this
case is thus tested, there can be but one opinion. He evidently
intended *only so much* of his stock, or loose property to be sold,

as would pay his debts ; the remainder was given to his wife for life or widowhood, *to use in any necessary or lawful way—to dispose of it for her convenience or for her necessary use.* She was even authorized to sell it *for a valuation,* and the meaning of this term is sufficiently explained by a subsequent clause, when he provides, if his wife should marry, she might be at liberty to take any choice slaves *at a valuation.* It is clear, we think, the testator intended his wife should have the *entire use* of all his chattels, and that this use was to be in accordance with the custom°of the country.

It would seem to follow, that every thing of the original stock remaining in specie at the death of Mrs. Foster, was distributable between her personal representatives and the legatees under the will of her husband, and that her executors are not chargeable with the perishable articles, except so far as they come to their hands, or so far as sold by her, *not for her convenience or necessary use.*

The decree being inconsistent with this view of the law, must be reversed, and a new account taken or the one confirmed, reformed so as to carry out this opinion.

Decree reversed and remanded.