# Nabors *et al. v.* Woolsey.

### *Bill to Restrict a Deed and to Declare An Estate.*

(Decided Nov. 16,-1911.　56 South. 533.)

1. *Wills; Construction; Estates Devised; Rule in Shelley's Case.*—Where land was devised to a daughter for life, with power to dispose of same by will, with the provision that, unless so disposed of, it should descend to her children or heirs at law, the daughter took a life estate with qualified power of disposal, the rule in Shelley's case having been abolished by section 3403, Code 1907, and its predecessors.

2. *Same; Statutes.*—Where lands were devised to a daughter for life with the authority either to sell for reinvestment (the proceeds to be held and treated as the original property) ; or to dispose of the property by will, and it was provided that, unless it was so disposed of, it should descend to her children or heirs at law, the daughter did not take the fee under section 3423, Code 1907, since her power to sell was accompanied by a trust, and her power to devise was only a special power of appointment.

3. *Same; Absolute Power of Disposition.*—The life estate of a devisee under the will in this particular instance was not enlarged by sections 3424, 3425, and 3426, Code 1907.

4. *Same; Powers; Execution.*—Where a devisee of a life estate is given the power of disposal by will, such power must be exercised by a will of real estate executed as such will is required to be executed under section 3430, Code 1907.

5. *Remainder; Action; Restricting Conveyance of Life Tenant.*—Where a testator devised lands to one for life, with power to sell for reinvestment (the proceeds to be held as the original property) and also gave the life tenant power of disposal by will, with a remainder over limited in case of non disposal, and the life tenant made a sale not in accordance with the powers given by the will, but by which she attempted to convey the fee in derogation of the trust limited upon the proceeds, the remaindermen might during the life of the life tenant, maintain a bill to restrict the estate conveyed even though the life tenant could defeat their remainder by devise, since section 3411, Code 1907, would protect the rights of bona fide purchasers, although section 3406, permits the life tenant to dispose of her estate without violating the trust or impairing the remainder.

(Simpson and Mayfield, JJ., dissenting.)

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

[Nabors et al. v. Woolsey.]

Bill by Burr Nabors and L. N. Nabors against Thomas H. Woolsey to restrict the operation of a deed to respondent to an estate in the lands described for and during the natural life of said Sarah E. Nabors, and upon her death to immediately invest in orators property described in the bill, and for general relief. From a decree for respondent, complainants appeal. Reversed, rendered, and remanded.

The part of the will relative to the Lon Martin place is as follows: "I will, devise and bequeath unto my daughter, Sarah E. Nabors, the land owned by me and known as the Lon Martin place, to be held by her during her life for her own benefit and behoof, and she is authorized to sell or dispose of same at any time for the purpose of reinvesting the proceeds to be held and treated the same as original property bequeathed, and the said Sarah E. is authorized to dispose of said legacy at her death by will or devise if she chooses; otherwise at her death it shall descend to her children or heirs at law."

BROWN, LEEPER & LAPSLEY, and W. A. GUNTER, for appellant. The appellants have the right to maintain the bill and have such an interest in the land as to give them that right.—*Worthington v. Miller,* 134 Ala. 420; *Landsden v. Bone,* 90 Ala. 448; *Woodstock I. Co. v. Fullenwider,* 87 Ala. 586; *Shipman v. Furniss,* 69 Ala. 555; *Lockett v. Hart,* 57 Ala. 198; *Ray v. Womble,* 56 Ala. 32; *Robinson v. Pearce,* 118 Ala. 275. The statutes do not touch the devise in this case.—*Hood v. Bramlett,* 105 Ala. 666; *Johnson v. Cuching,* 41 Am. Dec. 695. The construction of the statute has been the same from the case of *Alford v. Alford,* 56 Ala. 350, down to and including *Cramton v. Rutledge,* 150 Ala. 281, and having been so construed, has been readopted with this judicial interpretation.—*Ex parte Matthews,* 52 Ala. 51; *Wool-*

*sey v. Cade,* 54 Ala. 378; *Huddleston v. Askey,* 56 Ala. 218. Under the construction given them it must be conceded that she had only a life estate with limited powers of disposal or reinvestment, and hence, took only an estate of which she could dispose according to the powers of the devise. See also *Humes v. Randall,* 141 N. Y. 503; *Wright v. Nichols,* 25 South. 1019; *Milhaus v. Dunham,* 78 Ala. 48. If it can be said that section 3423, is applicable to this case, then under it, the wife is not sui juris as to the property in all respects, but only as to the creditors, and as to her vendees to pay them, and as Woolsey does not stand in any such relation to her the deed is void.—*Alford v. Alford, supra; Cramton v. Rutledge, supra; Prior v. Loeb,* 119 Ala. 450; *Threefoot v. Hillman,* 130 Ala. 244; 37 Mich. 82. However, this case is to be disposed of under the common law which gives the appellants a perfect right of action to clear their title, as indeed they run the risk of losing their property unless they settle the title now or before the lapse of twenty years.—*Robinson v. Pearce,* 118 Ala. 273; *Harris v. Strodl,* 132 N. Y. 392; *McMurray Case,* 66 N. Y. 174; *Johnson v. Cuching, supra;* 31 Cyc. 1088. While the purchaser is not bound to see to the due application of payments, he must take notice of the chain of title and cannot fail to see and understand the powers of his vendor.—*Shorter v. Frazer,* 68 Ala. 81; 2 S. & L. 315; 2 S. & L. 566; 3 How. 333; 2 Sugd. on Vendors, chap. 11.

Z. T. RUDOLPH, for appellee. No brief reached the Reporter.

ANDERSON, J.—The will of Hawkins gave to his daughter, Sarah E. Nabors, the Lon Martin place, to be held by her for her own use during her life, and author-

ized her to sell or dispose of same for reinvestment; the proceeds to be held and treated the same as the original property. (The reporter will set out so much of the will as relates to the Lon Martin land.) The said Sarah was also authorized to dispose of said legacy by will or devise, if she chose to do so; otherwise it shall descend to her children or heirs. The said Sarah took a life estate with the qualified right to sell the fee for reinvestment. She was also given the right to devise same. Her children or heirs were given an express remainder in the land, or, if sold, in the fruits of the sale, to be reinvested by the life tenant and trustee, and which said remainder could be defeated only by the life tenant exercising the right to devise same as given her by the will of the said Hawkins. The remainder over being to the children or heirs of the life tenant, Mrs. Nabors would take an absolute fee under the rule in Shelley's Case, but which said rule is abolished and the remainder is preserved by section 3403 of the Code of 1907.

Mrs. Nabors did not get a fee under the terms of section 3423 of the Code, for the reason that she was not given the absolute power of disposition, as the power to sell was accompanied with a trust. It is true she was given the power to devise the property, independent of the qualified right to sell the same; but this right to devise was only a special power of disposition or appointment, and, under all the authorities, does not have the effect of enlarging a life estate.—*Weathers v. Patterson,* 30 Ala. 406, and cases cited. Nor was the life estate enlarged by section 3424 and 3425 of the Code. Her estate was limited, and did not therefore fall within the influence of section 3424. On the other hand, an express remainder was limited upon her life estate, so as to keep it beyond the influence of section 3425. It is true that section 3426, among other things, makes a

general and beneficial power to devise an absolute power, within the meaning of the last two sections, to-wit, sections 3424 and 3425 but, as above demonstrated, the will in question does not come within the influence of said last two sections, and, as it comes within the purview of section 3423, and the power to sell being accompanied with a trust, the right to devise is not enlarged to an absolute power under section 3426. These sections were borrowed by us from New York, and as they appear in the statutes of said state section 3426 applies to the last *three* preceding sections, but our lawmakers saw fit to confine it to the last *two* sections, thus purposely excluding section 3423 from the operation of section 3426, and which is an act of considerable significance.—See Cumming & Gilbert's Laws of N. Y. vol. 3, p. 3301, 3302, §§ 129-132.

If, therefore, the life estate was not enlarged, the sale could have been made only as authorized by the instrument, so as to cut off the remainder, and the right to devise could only be by a will, duly executed as required by law.—Section 3430 of the Code; *Rutledge v. Cramton,* 150 Ala. 275; 43 South. 822.

The bill negatives a sale under the power of the will. Nor does it appear that the property has been devised in compliance with section 3430. In fact, it appears that Mrs. Nabors is still living, and she may yet devise the property, so as to cut off the remainder; but, be this as it may, the bill sets up a sale of the land in violation of the power given by the Hawkins will, and in breach of the trust imposed upon the trustee to reinvest, and such a sale cannot cut off the remainder as against a purchaser with notice of the violation of the trust. Whether the defense of bona fide purchase should be set up by way of defense, or should be negatively set up by the bill, we need not decide, since the bill sets up

notice of a violation of the trust, and that the respond-
ent got the land in payment of a debt due by French
Nabors, and with knowledge of all the facts and circum-
stances, thus forestalling any protection to the respond-
ent under the terms of section 3411 of the Code.

The case of *Hood v. Bramlett,* 105 Ala. 660, 17 South.
105, is not in conflict with the present holding, as the
will there fell squarely under the influence of section
.3425, as no remainder was limited on the estate of Louisa
Garrett, the donee of the power, as to the half given, and
there was but an implied remainder or reversion; and
said power was therefore made absolute by the terms
of section 3426. Here there is an express remainder lim-
ited on the estate given Mrs. Nabors, and neither section
3425 nor 3426 applies to same. Nor did the fourth clause
of the will considered in the case of *Adams v. Mason,*
85 Ala. 452, 5 South. 216, involve an express remainder
limited upon the estate of the donee of the power; and
the court properly held that the estate devised could
not be cut down to a life estate by an implied reversion
or remainder.

The Hawkins will gave Mrs. Nabors a life estate, and
this she could dispose of without violating the trust, or
without impairing the remainder, which is preserved by
section 3406; but, as the will of Hawkins gave her the
right to sell the fee for certain purposes, there would be
danger of a defeat of the remainder by a bona fide pur-
chaser, under the terms of section 3411 of the Code.
Therefore, when an attempt is made to convey the whole
estate, and which is done in breach of the trust, the re-
maindermen, or cestuis que trust, have the right to and
should act upon a breach of said trust, so as to inter-
cept the acquirement of their interest by a bona fide
purchaser, and they need not wait until the termina-
tion of the life estate, or until it is definitely known that

[Nabors et al. v. Woolsey.]

their remainder is defeated by a devise of the land by the life tenant.—*Robinson v. Pierce,* 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160.

The city court held that the Hawkins will gave Mrs. Nabors the absolute power of disposition, and that complainants' bill was therefore without equity, and in this we think there was error, and the bill contains equity, in so far as it seeks to remove as a cloud so much of the conveyance as purports to convey an absolute estate. The decree of the city court is reversed, and one is here rendered, overruling the respondent's demurrers, and the cause is remanded.

Reversed, rendered and remanded.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur. McCLELLAN, J., concurs in the reversal. SIMPSON and MAYFIELD, JJ., dissent.

MAYFIELD, J.— (dissenting)—I cannot concur in either the opinion or the decision of the majority. I cannot believe that my Brothers have rightly conceived the case made by the will. While the majority opinion states some of the facts which, standing alone, would give equity to the bill, it does not state all the facts, nor any of those which, to my mind, conclusively show that there is no equity in the bill.

These facts are that the bill is filed by the heirs expectant against a remote grantee of their ancestor, and alone seeks to change the character of the estate granted from a fee to a life estate during the life of one of the grantors. The whole claim of the complainants is based upon a will of their grandfather, devising the lands in question to their mother, who was a daughter of the testator. That part of the will, relating to the lands in question, reads as follows: "I will, devise and bequeath

unto my daughter, Sarah E. Nabors, the land owned by me and known as the Lon Martin place, to be held by her *during her* life for her own benefit and behoof, and she is authorized to sell or dispose of the same at any time for the purpose of reinvesting the proceeds to be held and treated the same as original property bequeathed, and the said Sarah T. is authorized to dispose of said legacy at her death by will or devise if she chooses; otherwise at her death it shall descend to her children or heirs at law." It therefore clearly appears that the plaintiffs do not and cannot in any event take under the will, but that if they ever take they take, and must take, only by descent or inheritance from their mother, and not by devise under the will of their grandfather.

They can have no more interest in these lands than they have in any other lands owned by their mother, whether acquired by her by purchase, descent, or by devise. If there could be any doubt about this, the will itself removes this doubt, by expressly saying that, in the event their mother does not dispose of it by grant or devise, it shall *descend* to her children or heirs. This last clause of the quoted section of the will is, of course, wholly superfluous. It neither confers nor takes away any rights that complainants or any other person would have but for this clause; but it does emphasize the fact by stating that whoever takes after her death shall take as heir of the devisee, and not by grant or devise from the grantor or testator.

Construing the quoted clause of the will in connection with the other parts of the instrument, and with the averments of the bill, it is made certain—almost beyond reasonable doubt—that the only purpose of the conditions of the devise in question was to cut off the marital rights of the husband of the devisee; and, the bill show-

ing that he is dead, and that the wife is still living, that question is of course eliminated.

The bill also shows that the devisee, Mrs. Nabors, had disposed of the land in question, and her deed so disposing of a part of it is made an exhibit to the bill, and it recites that the land was disposed of in accordance with the will, and for the purpose of reinvestment. The deed recites, in substance, the above-quoted provision of the will, which is as follows: "Know all men by these presents, that whereas, Nathaniel Hawkins deceased did devise to Sarah E. Nabors by will which has been duly established and admitted to probate in the probate court of Jefferson county, and recorded in Will Book A, page 413, the hereinafter described land, and did in and by said will expressly empower and authorize her, the said Sarah E. Nabors, to sell and dispose of the same, at any time for the purpose of reinvesting the proceeds; and whereas, as the said Sarah E. Nabors deems it to be to her interest and advantage to sell the hereinafter conveyed lands, under said power and by virtue thereof for said purpose: Now, in consideration of $7,085.00, the receipt whereof is hereby acknowledged, I, Sarah E. Nabors, joined by my husband, French Nabors, as a grantor with me, do hereby grant, bargain and sell unto Lucien G. Pettyjohn, and his heirs and assigns forever, in fee simple absolute, that tract of land lying in Jefferson county, Alabama, which is described as," etc.

The bill also shows that the devisee, Mrs. Nabors, is still living, and that she yet has the power and right to dispose of this land in accordance with the power, if she has not already done so, by sale, for reinvestment, or by devise, and consequently, until her death, no human agency, except herself, can know whether she will so dispose of it or not. In no event do or can these com-

[Nabors et al. v. Woolsey.]

plainants have any interest in or right to these lands. The will, as before stated, expressly removed all doubt, by expressly providing that her heirs or children shall take from the mother by descent, and not as purchasers or devisees from their grandfather. A living person does not have heirs, nor can it be known who will be his heirs until the ancestor is dead, nor what such heirs will or may take by descent or inheritance, until the death of the ancestor. He or she may dispose of any part, or the whole, by grant, gift, or devise.

It is clear to my mind that Mrs. Nabors took a fee in these lands by virtue of section 3423 of the Code. This is the view the learned chancellor (once a justice of this court) took of the case, and his opinion, to my mind, is conclusive. It is as follows: "By the last will of Nathaniel Hawkins, his daughter, Sarah E. Nabors, is given the power to devise the land in question, and this disposition is unqualified, and is not accompanied by any trust. Therefore, irrespective of the power of sale expressed in the will, Mrs. Nabors became, as to her vendees, invested with the fee in the land.—Code, § 3423; *Hood v. Bramlett,* 105 Ala. 660 (17 South. 105.) The defendant succeeded to the title of Minthorne Woolsey, who from the bill appears to have purchased the land for value, under conveyances coming consecutively from Mrs. Nabors; and hence, under the doctrine above referred to, complainants have no remainder or other interest in the land of which they can be availed as against the defendant's title. These considerations lead to the conclusion that the bill is without equity."

The majority opinion attempts to distinguish the case at bar from that of *Hood v. Bramlett,* 105 Ala. 600, 17 South. 105; but I submit that it is a distinction without a difference. The will in question does not attempt to dispose of any remainder, but, making a much stronger

[Nabors et al. v. Woolsey.]

case than that of *Hood v. Bramlett,* it expressly provides
that if these plaintiffs, or the class to which they be-
long, take at all, it shall be by *descent* from their mother,
and not by devise from their grandfather. It is true that
the will does give the land to Mrs. Nabors "during her
life, and for her own benefit and behoof; but it also au-
thorized her, during her life, to dispose of the fee, by sale
or by will, and directed that in case of sale it should
be for reinvestment, and that the proceeds should be
treated as the original property bequeathed; that is, for
"her own benefit and behoof," not for that of any re-
mainderman, because the will expressly provides that if
she does not dispose of it during her life, it shall at her
death *descend.* How could it descend, unless she owned
it? If she had merely a life estate, that was gone at her
death, and there would be nothing to descend. How
could she convey or devise the fee, if she did not own the
fee? Only by the power of will? But if it was the in-
tention of the testator to devise to her only a life estate,
and he yet authorized her to dispose of the fee, by deed
or devise, for "her own use and behoof," both the com-
mon law and the statute converted the life estate de-
vised or granted into a fee, as against creditors or pur-
chasers of the life tenant.—Code, §§ 3422-3440, and notes
thereto. The last clause in section 3426 covers this
case like a blanket. No case can be conceived to which
that clause would more clearly apply than it would to
the case at bar. It provides that, "where a general and
beneficial power to devise the inheritance is given to a
tenant for life or years, it is absolutely within the mean-
ing of the last two sections." The attempted distinction
in the majority opinion that this case does not fall
within the operation "of the last two sections" is not
well taken; it is entirely too technical; it is hunting for
something to defeat the will of the testator and the Leg-
islature.

It is very true that the subject of "contingent remainders," "executory devises," "powers," "users," and "trusts," in connection with deeds and devises, are easily the most abstruse and the most abounding in mere technical difficulties of all the questions which appear in the reported cases and in the text-books. This is true, because they depend upon distinctions that are highly technical, artificial, and refined. Added to this is the undeniable fact that upon some points there is found a most distressing diversity of opinion among the most eminent jurists and text-writers. But, to my mind, this case could and ought to be decided upon those fixed rules of law in which all authorities concur, without involving those vexed questions upon which the authorities are so much divided. It is true that I have probably said more on these subjects than is said in the majority opinion; but it is only in my attempt to show that the majority opinion is wrong, not that it is necessary to a correct decision.

This case could, and in my judgment should, be affirmed, because the bill and the exhibits, the briefs of counsel, and the majority opinion, reversing the decree of the lower court, all show that these complainants do not now and never have had any legal or equitable estate or interest in the lands the subject of this suit. The most that they claim is an expectancy, a mere possibility, that they may have an estate or interest in the future. Courts can deal only with facts, not with expectancies or possibilities, when unconnected with any existing rights, estate, or property in the subject-matter of litigation.

The bill and the majority opinion conclusively show that it is wholly within the power and discretion of a third party to prevent the possibility of plaintiffs ever having any interest whatever in, to, or against this de-

[Nabors et al. v. Woolsey.]

fendant, and that it cannot be known whether this third party will exercise this power until her death; and, of course, no one can know when she will die. Is it possible that a plaintiff can maintain a suit in a court of law or of equity when his pleadings and claims conclusively show that he has not then, and never has had, a legal or equitable title, claim, right, or demand to or against the subject-matter or the defendant? I believe that this is the only case in the history of the world that has ever so decided.

If these plaintiffs had any vested interest with which a court could deal, the mere fact that the time of possession and enjoyment was postponed until an uncertain date would not prevent the court from protecting such vested interest. Such suits are often maintained by remaindermen and revisioners; but in all such cases they have, and must have, at the beginning of the suit a vested interest, claim, or demand, and it is only the time of possession or enjoyment that is postponed, or uncertain, or contingent.

The will in question having been made since the Code of 1852, it is within the Code provisions on this subject, and is therefore relieved of some of the difficulties which might have attended the case as to contingent remainders. Section 1301 of that Code (section 3398 of the Code of 1907) provides that: "No estate in lands can be created by way of contingent remainder; but every estate created by any will or conveyance, which might have taken effect as a contingent remainder, has the same properties and effect as an executory devise." Therefore, since the Code of 1852, contingent remainders must take effect, if at all, as executory devise; if they cannot so take effect, they are void. Surely there can be no doubt that these plaintiffs did not and cannot take in this case as by an executory devise.

Our Code defines remainders as follows:

"An estate in remainder is one limited to be enjoyed after another estate is determined, or at a time specified in the future. An estate in reversion is the residue of an estate, usually the fee left in the grantor and his heirs after the determination of the particular estate which he has granted out of it. The rights of the reversioner, are the same as those of a vested remainderman in fee."—Section 3400.

"Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen."—Section 3401.

The Supreme Court of the United States defines remainders and an executory devise as follows: "A vested remainder is where a *present* interest passes to *a certain and definite* person, but to be enjoyed *in futuro*. There must be a particular estate to support it. The remainder must pass out of the grantor at the creation of the particular estate. It must vest in the grantee during the continuance of the estate, or eo instanti, that it determines. A contingent remainder is where the estate in remainder is limited, either to a dubious and uncertain person, or upon the happening of a dubious and uncertain event. A contingent remainder, if it amount to a freehold, cannot be limited on an estate for years, nor any estate less than freehold. A contingent remainder may be defeated by the determination or destruction of the particular estate before the contingency happens. Hence trustees are appointed to preserve such remainders. An executory devise is such a disposition of real property by will that no estate vests thereby at the death of the devisor, but only on a future contingency. It dif-

fers from a remainder in three material points: (1) It needs no particular estate to support it. (2) A fee simple or other less estate may be limited by it, after a fee simple. (3) A remainder may be limited, of a chattel interest, after a particular estate for life in the same property."—*Doe, Lessee of Poor v. Considine,* 6 Wall. 474, 475, 18 L. Ed. 869.

That great Chief Justice—Shaw, of Massachusetts—in speaking of the difference between a remainder and an executory devise said: "The essential difference in the quality of the estate, between a remainder and an executory devise, is that the former may be barred at the pleasure of the tenant in tail by a common recovery, or, in our state, by a conveyance by deed; but he who holds by force of an executory devise has an estate above and beyond the power and control of the first taker, who cannot alienate or change it, or prevent its taking effect, according to the terms of the will, upon the happening of the contingency upon which it is limited. It does not depend upon the particular estate, but operates by way of determination of the first estate limited, and the substitution of another in its place."—*Nightingale v. Burrell,* 15 Pick. (Mass.) 110.

In the case at bar, not only the character and the quantum of the estate to be taken by the plaintiffs, but also the fact as to whether they take at all, depends solely upon the will and pleasure of the life tenant, who is yet living, as the bill and the majority opinion both recite. This being so, it is certain that they do not, and can never, take as under an executory devise. Having no present interest, right, claim, or demand, but merely the possibility of taking, as heirs of their mother, how they can have standing in a court of equity, to assail a conveyance of their mother, is more than I can understand.

If any one on earth can complain of the matters set forth in this bill, it is the mother of these complainants,

and she is not complaining, and is not a party to this suit; but if the relief prayed in this bill is ever granted she will be decreed to have breached a trust, thus paving the way to make her liable to her grantees in a subsequent suit of covenant as for breaches of warranties.

There are other reasons, equally conclusive to my mind, why this bill has no equity, and why no relief can or should be awarded under its prayer; but those above stated I think are sufficient.

But for the opinion and decision in this case, I would say that it is a universal rule of pleading that a plaintiff must always show a present title, right, claim, or demand, as distinguished from a future one, or he shows no right of action. This is the rule as stated by Messrs. Chitty, Gould, Stephens, Heard, Andrews, Story, Adams, Pomeroy, and all other text-writers which I have examined; and, so far as I know, they state no exceptions to it. I am likewise unable to find a reported decision of any court to the contrary of the rule.

Here plaintiffs not only fail to show any present title, claim, or demand, but conclusively show that their sole claim is that they will probably have a right or title in the future, if the life tenant does not dispose of the land, which she has a right to do; and that if she does dispose of it, as she is authorized to do, then they will not have any right in the future. I ask the question in all seriousness: How is it possible for a court to remove a cloud from a title when there is no title, and when it is not certain, and cannot be made certain, that there will ever be in the future any such title from which to remove a cloud? If the court undertakes to do what is prayed in this bill, it cannot do it, for the simple reason that it is impossible. A decree by the chancery court, or by this court, as prayed in this bill, would not be worth the paper upon which it is written. It would itself be nothing but a cloud on title and on the records.