·[Gay, et al. v. Birmingham, Montgomery & Gulf Power Co.]

# Gay, *et al. v.* Birmingham, Montgomery & Gulf Power Co.

## Bill to Quiet Title.

(Decided December 17, 1914. Rehearing denied January 21, 1915. 67 South. 447.)

*Wills; Power to Sell Land; Payment of Debts.*—Where a testator's will gave to his wife all his property, real and personal, to have during her life, after she had paid all his debts, then to be equally divided between the children, and authorizes the wife to sell any species of property without order of the court, the proceeds of such sale to be the property of the children after her death, the wife had the power to sell real or personal property for the payment of the debts of the estate; hence, a grantee of the wife under the power, takes the fee as against the children.

APPEAL from Tallapoosa Chancery court.

Heard before Hon. W. W. WHITESIDE.

Bill by Birmingham, Montgomery & Gulf Power Company against Ida Gay and others, to quiet title to certain lands. Decree for complainant, and respondents appeal. Affirmed.

The last will and testament of B. S. Smith is as follows (omitting the introductory part and that portion quoted in the opinion) : And at any time if the said

29—190

Elizabeth Smith should think it prudent to give of my effects to the children, she is empowered to do so, but the property then given them by her must first be valued by three persons who are disinterested, and the child must be required to give a receipt to the amount of the value thereof, and on the division final, to be taken out as having received so much on her or his distributive share of the estate, and the minor children must not be charged anything or made to pay anything for schooling and a handsome support during the said Elizabeth Smith's natural life; and if Elizabeth Smith should die before my children come to the years of maturity, Bartow and Lee Smith are empowered to have a division of my estate which must be done by a committee of five disinterested and prudent men without any order of court. Provided, further, that if said Elizabeth Smith should marry, she shall be entitled to a child's part of my effects, but at her death said property must be restored back to my children, and if the said Elizabeth Smith should marry, then my estate must be immediately divided, which must be done by a committee consisting of five men as above mentioned; provided, further, that the said Elizabeth Smith is hereby empowered to transact all of my unsettled business and carry out this last will of mine, and shall not be required to give bond nor obtain order from the court in the carrying out of these my orders and wishes, relative to my estate.

(Signed.)    B. B. Smith.

W. A. GUNTER, and H. A. HOUGHTON, for appellant.

THOMAS W. MARTIN, DENSON & SONS, JAMES W. STROTHER, and BRIDGES & OLIVER, for appellee.

[Gay, et al. v. Birmingham, Montgomery & Gulf Power Co.]

ANDERSON, C. J.—The will of B. S. Smith, deceased, which will be set out by the reporter, contained the following quoted privisions: "I do hereby bequeath unto my beloved wife, Elizabeth Smith, all of my property, both real and personal, of every nature which I now or may have at my death, after having paid all of my just debts, to have during her life then to be equally divided between my children and that she is hereby empowered to sell, or dispose of any part or species of my property either publicly or privately, without any order from court, that she may at any time think wise and prudent to do so, but the proceeds of said sale must be the property of my children at or after her death."

We think that it was the manifest purpose of the testator to provide for the payment of his debts out of his estate, and that his wife, the executrix, was not only given full power to do so, but was, in effect, required to do so, and that she was given the power to sell or dispose of any "part or species" of his property in order to settle same. It may be true that, after giving his wife the power to sell or dispose of his property, it was provided that the proceeds of the sale should remain the property of his children after the death of his wife; yet it is evident that the testator had in mind only the proceeds from property sold which came into the hands of his wife after the payment of his debts. To hold that the wife could not sell or dispose of any property for the payment of debts, and that she could only do so from proceeds which she should hold in trust for the remaindermen, would in effect preclude her from selling cotton or any other personal property for the purpose of paying the debts of the estate. If the power to sell or dispose of the property is confined to a sale only for proceeds which must be held in trust for the children,

then we must hold that she could not sell or dispose of any of the property to pay the debts of the estate, notwithstanding the payment of his debts was the primary object of the testator, as shown by his will. There is no room for holding that the wife could sell or dispose of the personal property under the terms of the will to pay debts but not the real estate, as the power to sell or dispose of relates to "any part or species" of the property. If she could sell any she could sell all, and, if she could not sell the land for the purpose of paying the debts of the testator, then for the same reason she could not sell the personal property for said purpose. It would be a most narrow and impractical construction of the will to hold that, although the testator provided for the payment of his debts before making any disposition of his property, the executrix could not sell or dispose of "any part or species" of his property for carrying out the primary requirement of the will, but must, under the power to sell, do so only for something that she must hold in trust for the benefit of the children after her death. We therefore hold that the wife had the power, under the will, to sell or dispose of the real estate or personal property in satisfaction of debts against the estate, and that it was the manifest intention of the testator to entail or create a trust only in the property or the proceeds thereof, other than what was used in discharging the debts against his estate.

As to whether the statute does or does not require the exhaustion of the personal property before the lands can be sold for the payment of debts matters not, as we are not dealing with the statute which has no application to sales authorized by the will; and, as above stated, we think that the will in question, when considered with a view of arriving at the real intent of

the testator, gave the wife the authority to sell or dispose of any of the property for the payment of debts and provided a remainder or trust only as to such property, or the proceeds thereof, as was not sold or used for this purpose. We may therefore concede, but which is unnecessary to decide, that the wife did not take a fee, and that all property which was not disposed of, as provided by the will, or which may not be hereafter disposed of, or the proceeds of same not used for the payment of the debts or other purposes covered by the will, will, upon the death of the wife, go to the children as remaindermen, for the reason that we base this holding upon the power given under the will, regardless of the nature or character of the estate given the wife. As the wife was given the power, under the will, to dispose of any of the property for the payment of the debts of the testator, we hold that the conveyance of the land in question to John W. Pace gave him the fee, and that the children of Smith, who are the complainants under the cross-bill, have no title to or interest in the land; and, as the complainant in the original bill holds under a chain of title connecting it with the said John W. Pace, it is the owner of the land.

This holding is not in conflict with the recent case of *Nabors v. Woolsey,* 174 Ala. 289, 56 South. 533. There the donee of the life estate was given the power to sell the land solely for reinvestment, and the bill charged that she breached the trust by selling it in payment of her husband's debts. Mrs. Nabors got the property under the will of her father, and did not, of course, sell it for reinvestment when she conveyed it to Woolsey in payment of a debt of her husband. Here the will gave the wife the general power to sell and dispose of the property, "any part or species," whenever she deemed it wise and prudent to do so, and did

not restrict her doing so only for reinvestment. True, the will provided that the proceeds must be the property of the children, but it, like any other property or the proceeds thereof, was subject to the payment of the testator's debts, as the wife nor the children got any interest in any of the property, except as was subject to the debts of the testator, and he did not intend to entail or fasten a trust upon the proceeds of the sale of all of his property, so as to defeat the payment of his debts after previously directing that his debts should first be paid before making any disposition of his property.

Counsel for the appellant lays great stress upon the case of *Russell v. Russell,* 36 N. Y. 581, 93 Am. Dec. 540, as forbidding the sale for the payment of the debts of the testator. This case does hold that the executrix and life tenant did not, under the power there given, have the right to convey the land to one of the legatees in payment of a debt due him by the testator, but the entire will is not set out in the report, and it may be that it expressly required the payment of the debts out of the personal property. Here the testator made no provision for the payment of the debts with the personal property, merely required that the same be paid, and gave the wife the general power to sell or dispose of all parts or species of his property, and which, we think, gave her the power to sell the land in payment of the debts, if she deemed it wise and proper to do so. On the other hand, if there was no such direction as we suggest in the Russell will, and it did not direct the payment of the debts out of the personal property, but was identical with the one in hand, we would not be inclined to adopt the majority holding in said case, as it places too narrow a construction upon the power to sell, in view of the fact that the debts had to be paid

before any one became entitled to the property.

In the case of *Stocker v. Foster,* 178 Mass. 591, 60 N. E. 407, the property left to the life tenant was authorized to be sold by him whenever he deemed it conducive to his comfort. He did not sell the property in order to use the proceeds for his support and comfort, but gave it to the mother of his second wife in order that it would go to his children by a second marriage, and the court properly held that such a performance was an abuse of the power and could not defeat the remaindermen.

The case of *Woodward v. Jewell,* 140 U. S. 247, 11 Sup. Ct. 784, 35 L. Ed. 478, is not in point, and has little or no bearing upon the question under consideration.

The decree of the chancery court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.