## WEATHERS vs. PATTERSON.

[BILL IN EQUITY BY REMAINDER-MAN FOR RECOVERY OF SLAVES.]

1. *Construction of bequest for life with remainder over.*—Under a bequest of certain personal property, consisting of a slave, horses, cattle, household and kitchen furniture, plantation tools, &c., to the testator's wife for life, with limitation over of "whatever may remain and be in her possession at her death," a life estate only vests in the first taker, and the remainder over is valid.

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. WADE KEYES.

THIS bill was filed by Hansford C. Patterson against William Weathers and others, to recover certain slaves and other personal property, in which the plaintiff claimed a remainder under a clause in the will of Jesse Scarborough, deceased, which was in these words :

"It is my will and testament, and I do hereby give unto my said loving wife, as aforesaid, all and singular the property of every kind that I possess, or may depart this life possessed of, consisting of my negro boy Dan, horses, cattle, hogs, household and kitchen furniture, working tools of every description, and the crop of every description on my plantation at the present being, to her, the said Mary Scarborough, my loving wife as aforesaid, for and during her natural lifetime as aforesaid ; and at her death, whatever of my said estate, so bequeathed as aforesaid, as may remain and be in her possession at her death, it is my will and testament, and I do hereby give and bequeath the same to her son, Hansford C. Patterson, to him and his heirs forever."

The testator died in 1838, in Georgia, where the will was probated. His widow subsequently married the defendant Weathers, and died before the institution of this suit. The boy Dan, mentioned in the will, was sold by

the widow, and with the proceeds of sale other slaves were bought by said Weathers.

The chancellor held the remainder valid, and therefore rendered a decree for the complainant; and his decree is now assigned as error.

JAMES L. PUGH, with whom were ELMORE & YANCEY, for the appellant, cited the following cases: Smith v. Bell, 6 Peters, 68 ; King's Heirs v. King's Adm'rs, 12 Ohio, 390 ; 2 Strob. Eq. 137 ; Doe v. Cooper, 1 East, 229 ; Roe v. Bedford, 4 Maule & Sel. 362 ; 1 Burr. 38 ; 3 Brown's P. C. 180 ; Robison v. Robison, 2 Vesey, 225 ; Flinn v. Davis, 18 Ala, 132 ; Jackson v. Robbins, 16 Johns. 588.

L. L. CATO, and JAMES E. BELSER, *contra*, cited 4 Vesey, 311, 329, 444 ; 5 Vesey, 257 ; 6 Peters, 71, 84 ; 26 Ala. 369 ; 9 Ala. 955 ; 3 Strob. Eq. 85 ; 4 Monroe, 205 ; 4 Mass. 208 ; 3 Cushing, 472 ; 12 Wendell, 602 ; 3 Monroe, 279 ; 7 B. Monroe, 13 ; 6 Watts & Serg. 218 ; 10 Sm. & Mar. 150.

STONE, J.—The only question necessary to be considered in this opinion is, does the will of Mr. Scarborough vest in Mrs. Scarborough, the first taker, an absolute title to the property bequeathed, or is the remainder to Hansford C. Patterson a valid one? The will, in terms, only gives a life estate to Mrs. Scarborough, with a limitation over of "whatever may remain and be in her possession at her death." The property bequeathed consisted of a slave, horses, cattle, hogs, household and kitchen furniture, and working tools of every description on the testator's plantation.

In the case of Flinn v. Davis, 18 Ala. 132, the will devised and bequeathed both real and personal property, without any words limiting the title of the first taker to the period of her life. The will contained a gift over of what the first taker might "die possessed of, or entitled to, both real and personal, under and by virtue of" the will. These words, it was held, contained an implied power of disposition in the first taker, and enlarged the

life estate into a fee in the lands, and an absolute title in the personalty, and thus destroyed the remainder.

In the case of Denson v. Mitchell, 26 Ala. 360, the testator bequeathed to his widow slaves, stock, and plantation tools, "to have and hold during her natural life, and at her death to dispose of at her own will and pleasure." It was held, that the "express estate for life, created by this will, negatived the intention to give the absolute property."

In the two cases above cited, and in the briefs of counsel in those cases, may be found most of the authorities on the questions there considered. The first of those cases decides, that an estate created by general terms, without words expressly limiting it, may be enlarged by implication into an absolute title, and thus cut off an express remainder. The second holds, that an estate expressed to be for life, cannot be enlarged into absolute property, by the words "at her death to dispose of at her own will and pleasure."

It may not be out of place to remark, that the words which, in Denson v. Mitchell, were relied on as enlarging the life estate into absolute property, only authorized the first taker to dispose of the property *at her death*. This was only a special power of disposition, or appointment; and, under all the authorities, does not have the effect of enlarging a life estate.—Reid v. Shergold, 10 Vesey, 370; Tomlinson v. Dighton, 1 P. Williams, 149; Bradley v. Westcott, 13 Vesey, 445; Fairman v. Beale, 14 Ill. 244; Eade v. Eade, 5 Madd. 118.

There are expressions in the opinion in Denson v. Mitchell, *supra*, which are broad enough to cover a case of an express estate for life, with general power of appointment or disposition, and to declare that such cases come under the same rule. We feel it our duty, however, to limit the language of the court to the facts before it; and if the case last supposed should be governed by a different rule, not to regard those general expressions as decisive of any other question than the one then before the court.

There are, then, two classes of cases found in the books,

which are not settled by our two leading adjudications, Flinn v. Davis, and Denson v. Mitchell. First, when an estate for life is created by will or deed, with express general power of appointment or disposition in the first taker, is such life estate thereby enlarged into a fee or absolute title? This question does not arise in this case, and need not now be decided. See Barford v. Street, 16 Vesey, 135; Irwin v. Farrer, 19 Vesey, 86; Pillow v. Rye, 1 Swan, 185; Page v. Soper, 21 Eng. Law & Eq. 499; King v. King, 12 Ohio, 390; Morris v. Phaler, 1 Watts, 289. Second, when the will or deed gives an express estate for life, with remainder over, and there are no words conferring on the first taker an express power of appointment or disposition, can such power be implied, so as to enlarge the first estate, and thus cut off the remainder? To so hold, would be to give greater weight to an implication than to the express language of the testator. We think no such construction can be indulged. Burwell v. Anderson, 3 Leigh, 355; 1 Jarman on Wills, 321–2; Jackson v. Robbins, 16 Johns. 588; Bamfield v. Popham, 1 P. Williams, 54; Rubey v. Barnett, 12 Missouri, 6, 7; Kimball v. Kimball, 1 How. Miss. R. 533; Magruder v. Stewart, 4 ib. 204.

Our own court, in the case of Harrison v. Foster, 9 Ala. 955, considered a question strikingly analogous to this, and arrived at the same conclusion which we have attained.

We have made no allusion in this opinion to the case of Randall v. Shrader, 20 Ala. 338. The authority of that case was materially shaken in its reasoning by the opinion in Denson v. Mitchell, and we have no inclination to restore it. We concur, however, with C. J. Chilton, in the opinion that the conclusion in Randall v. Shrader was right, though the decision was placed on a principle that was unsound.

The point on which this decision hinges, was discussed at considerable length in the court below, both by the late and the present chancellor of the southern division. Our opinion harmonizes with theirs. It is due to them that we should say, we have been greatly benefited and

relieved in our investigation of this question, by the light which they have shed upon it.

No error in the details of the decree and order of reference made in this cause has been brought to our notice. It properly guards the interests of both parties. Without elaborating this opinion, we are satisfied there is no error in the record, and the decree of the chancellor is affirmed, at the costs of the appellee.

RICE, C. J., not sitting.