# Banks & Wife *v.* Jones *et al.*

*Bill in Equity by Legatee, for Construction of Will, and Account and Recovery of Legacy.*

Bequest " *for use and benefit of S. and her children, and after her death for use and benefit of her children.*" — Where a testator directed his executors to lay aside four hundred dollars annually, for ten years, " to be managed by them, for the sole and special use and benefit of Sarah A. S. and her children, and, after her death, for the special use and benefit of her children, but not subject in any manner whatever to the control of her husband," — *held*, that the bequest created a particular estate in S. and her children during her life, with remainder to all of her children, whether living at the death of the testator, or born afterwards; and that on the death of one of the children, who was living when the testator died, and who afterwards died before the mother, its share in this remainder passed to its personal representative.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. WILLIAM SKINNER.

Jacob K. Swoope died in Lawrence county, Alabama, in March, 1841. He left a nuncupative will, which was afterwards reduced to writing, and duly proved and recorded. The 5th clause of said will was in these words : " That the said executors shall lay aside the sum of four hundred dollars annually, for ten years, to be managed by the said executors, for the sole and special use and benefit of Sarah A. Sherrod and her children, and after her death for the special use and benefit of her children, but not subject in any way whatever to the control of her husband." Mrs. Sherrod was a niece of the testa-

[Banks v. Jones.]

tor's wife, and had two children living at the time of his death, Benjamin and Francis. Three or four years afterwards, she had a third child born, Alice C., who, before the filing of the bill in this case, had married Robert W. Banks. Benjamin Sherrod died in July, 1861, leaving his wife and two children as his heirs at law and distributees; and his widow married Joseph Wheeler in 1866. Mrs. Sarah A. Sherrod died in September, 1861; and her two grandchildren, the children of Benjamin Sherrod, afterwards died during their infancy. Francis Sherrod also died, intestate, in 1862.

The executors of the said testator paid various sums, from time to time, to Mrs. Sherrod, on account of said bequest; and in June, 1861, when they made a final settlement of their accounts as executors, the balance remaining in their hands was estimated at $1,587.07. For this sum, one of said executors executed his promissory note, under seal, and payable to his coexecutor individually, "for Sarah A. Sherrod and her children." In January, 1869, after the death of both of said executors, Thomas H. Jones was appointed, by the register in chancery of the proper district, on the application of said Wheeler and wife, trustee under the will of said testator, and, as such trustee, collected the fund due on the said obligation, which amounted to about $2,500.

On the 4th May, 1870, the bill in this case was filed, by said Robert W. Banks and wife, and the administrator of Francis Sherrod, deceased, against said Jones as trustee, and also as administrator of Benjamin Sherrod, deceased, and against said Wheeler and wife; and sought a judicial construction of the bequest, an account of the trust fund, and general relief.. The chancellor held, "that the funds in the hands of said Jones as trustee, under a proper construction of the 5th clause in the testator's will, should be equally divided between the estates of Benjamin and Francis Sherrod; and that Alice C. Banks, the complainant, having been born after the testator's death, is not entitled to any portion of said fund;" and he ordered an account to be taken accordingly. From this decree Banks and wife appeal, and here assign it as error.

WATTS & TROY, for appellants. — The will is susceptible of but two constructions, each of which gives Mrs. Banks an interest in the trust fund. Either Mrs. Sherrod and her children take the use as tenants in common during her life, thus vesting an estate for her life in her and her living children, subject to a springing use in favor of after-born children; or she and her children take the use for her life, with a contingent remainder (or executory devise) to the children who might be living at her death. The obvious purpose of the testator was, to pro-

[Banks *v.* Jones.]

vide for Mrs. Sherrod and her children. He uses the word *children* generally, without naming any, although he knew that she then had two living children. He carves out a particular estate during her life, giving her and her children the use of the fund, and, at the termination of this particular estate, gives the whole fund to her children. The rule is well settled, that where a particular estate for life is created, at the termination of which the property is to belong to the children of another, all the children living at the termination of the particular estate take, whether born before or after the death of the testator. *Annable* v. *Patch*, 3 Pick. 363, and other cases cited in notes to Jarman on Wills, vol. 2, m. pp. 75–7. When a legacy is given to a class of persons, all will take who answer the description at the time the gift takes effect. *Cole* v. *Creyon*, 1 Hill's Ch. (S. C.) R. 319-22 ; *Swinton* v. *Legare*, 2 McCord's Ch. 440 ; *Dingley* v. *Dingley*, 5 Mass. 535 ; *Jenkins* v. *Freyer*, 4 Paige, 47 ; *Moston* v. *Foster*, 7 Metc. 300 ; *Myers* v. *Myers*, 2 McCord, 214.

A gift to A.'s children, to take effect immediately, without the intervention of any particular estate, would vest in the children who were living at the testator's death ; but, where a particular estate is first carved out, with remainder over to the children of A., all the children living at the termination of the particular estate take equally. 2 Williams on Executors, pp. 982–3 ; also, *Vanzant* v. *Morris*, 25 Ala. 292 ; *Pope* v. *McCroan*, 17 Ala. 612. In *Nimmo* v. *Stewart* (21 Ala. 682), there was no particular estate.

Mrs. Sherrod and her children were only entitled to the *use* of the fund during her life, and not to the fund itself. When money is thus given, the trustees cannot permit the tenant for life to have it, without requiring bond and security for its return at the termination of the particular estate. Keyes on Chattels, 350, § 511, and cases there cited ; *Mason* v. *Pate's Executor*, 34 Ala. 379.

ROBINSON & WALKER, and J. WHEELER, *contra.*— 1. The legacy of Benjamin Sherrod was vested, not contingent, and, on his death, passed to his personal representative. The postponement of the distribution does not prevent the vesting of the interest. *Gregg* v. *Bethea*, 6 Porter, 9 ; *Travis* v. *Morrison*, 28 Ala. 494 ; *High* v. *Worley*, 32 Ala. 712 ; *Cox* v. *McKinney*, 32 Ala. 461 ; *Thrasher* v. *Ingram*, 32 Ala. 645 ; *Thompson* v. *Thompson*, 28 Barbour, 432 ; *Rayner* v. *Mowbray*, 3 Bro. Ch. 234 ; *Smith* v. *Palmer*, 7 Hare, 225 ; *Letchworth's Appeal*, 30 Penn. 175 ; *Bard* v. *Bard*, 40 Penn. 182 ; *Van Wyck* v. *Bloodgood*, 1 Bradf. Sur. R. 154, 213 ; 2 Redfield on Wills, ed. 1866, 414, 506; 2 Ib. 592-5, 612-13, 616, 648,

[Banks v. Jones.]

623–4, 628–32, and cases cited in notes ; *Marr* v. *McCullough*, 6 Porter, 507 ; *Nixon* v. *Robbins*, 24 Ala. 663 ; *Vawdry* v. *Geddes*, 1 R. & M. 203.

2. The remainder to the children of Mrs. Sherrod did not open to let in Alice C., who was born after the testator's death. *Nimmo* v. *Stewart*, 21 Ala. 682 ; *McCroan* v. *Pope*, 17 Ala. 612. The proposition is not denied, that where a legacy is given to a class of persons, it will embrace all who answer the description when the gift takes effect ; nor the further proposition, that under a bequest to A. for life, with remainder to his children, all the children born before the termination of the particular estate, though after the death of the testator, will take. But neither of these rules applies to this case, which is a gift to the children of Sarah A. Sherrod, with the limitation that, during her life, she should enjoy it jointly with them. The gift undoubtedly took effect at the death of the testator, and, necessarily, embraced only the children living at that time. That this is the general rule of construction, see 2 Redfield on Wills (2d ed.), 10, 14, 15, and cases cited ; 2 Ib. 242, and cases cited ; *Davidson* v. *Dallas*, 14 Vesey, 576 ; *Petway* v. *Powell*, 2 Dev. & Bat. 308 ; *Campbell* v. *Rawdon*, 18 N. Y. 412 ; *Northey* v. *Strange*, 1 P. W. 340 ; *Jenkins* v. *Freyer*, 4 Paige, 47 ; *Leeming* v. *Sherratt*, 2 Hare, 14 ; *Hegger* v. *Payne*, 23 Beav. 434 ; *Smith* v. *Ashurst*, 34 Ala. 208 ; *Barton* v. *Bigelow*, 4 Gray, 353 ; *Furlow* v. *Merrill*, 23 Ala. 705 ; *Haygood* v. *Rout*, 6 B. Mon. 247 ; *Heath* v. *Heath*, 2 Atk. 122 ; *Northey* v. *Burbage*, Prec. Ch. 470 ; *Horsley* v. *Chaloner*, 2 Vesey, 83 ; *Isaac* v. *Isaac*, Amb. 348 ; *Viner* v. *Francis*, 2 Bro. Ch. 658 ; *Hughes* v. *Hughes*, 3 Bro. Ch. 352, 434 ; *Coleman* v. *Seymore*, 1 Vesey, 209 ; *Congreve* v. *Congreve*, 1 Bro. Ch. 530 ; *Butler* v. *Ommaney*, 4 Russ. 70 ; *Ringrose* v. *Bramham*, 2 Cox, 384 ; *Foster* v. *Wyck*, 17 Ohio, 250 ; *Saddler* v. *Wilson*, 5 Ired. Eq. 296 ; *Joinder* v. *Green*, 1 Dev. Eq. 27 ; *Wood* v. *McGuire*, 15 Geo. 202 ; *Lorillard* v. *Coster*, 5 Paige, 172 ; *Crone* v. *Odell*, 1 Ball & B. 450 ; *Whitbread* v. *St. John*, 20 Vesey, 152 ; *Ayton* v. *Ayton*, 1 Cox, 327 ; *Ellison* v. *Airey*, 1 Bro. Ch. 542 ; *Cook* v. *Cook*, 2 Vernon, 545.

3. If Alice C. has any interest at all in the fund, it is only in Mrs. Sherrod's share, her right to which was limited to her life.

4. The interest of Alice, if she has any, would not attach to any part of the fund which accrued before her birth. *Simpson* v. *Spence*, 5 Jones's Eq. 208 ; 2 Jarman on Wills, 87–8. The bill shows that she has already received more than her share.

5. When the amount of the bequest, the times and modes of payment, the number of the objects of the testator's bounty, with the obvious purposes of the bequest, are considered, it is apparent that the testator intended that the entire *corpus* of

the fund should, or at least might, be expended as they accrued, for the benefit of the legatees. In point of fact, too, the entire *corpus*, except the two last annual instalments, was so expended during the life of Mrs. Sherrod. This right to expend the *corpus* is inconsistent with the existence of any remainder whatever. *McRee* v. *Means*, 34 Ala. 349 ; *Flinn* v. *Davis*, 18 Ala. 132 ; *Allen* v. *White*, 16 Ala. 181.

B. F. SAFFOLD, J. — The appellants, claiming a legacy under the will of Jacob Swoope, filed the bill to obtain a construction of the clause of the will making the bequest, and also to procure distribution of the fund amongst those entitled to receive it. The clause is as follows : " 5th. That the said executors shall lay aside the sum of four hundred dollars annually, for ten years, to be managed by the said executors, for the sole and special use and benefit of Sarah A. Sherrod and her children, and, after her death, for the special use and benefit of her children, but not subject in any manner whatever to the control of her husband." The will was nuncupative, and the testator died in March, 1841. At that time, Sarah A. Sherrod had two children, Benjamin and Francis Sherrod ; and afterwards, her daughter, Alice C. Sherrod, was born. Mrs. Sherrod died in September, 1861, leaving her children, Francis and Alice, and two children of her son Benjamin, who had died. Alice alone still survives. The representative of Francis is party complainant with her, and the trustee of the fund, and the proper representatives and heirs of Benjamin and his children, are the defendants.

The law is clear, that the bequest in the will of Jacob Swoope, quoted above, vested presently, on the death of the testator, in Sarah A. Sherrod and her two children then living, to wit, Benjamin and Francis. 2 Jarman on Wills, m. p. 75 ; *Nimmo* v. *Stewart*, 21 Ala. 682 ; *Smith* v. *Ashurst*, 34 Ala. 208. It is equally plain, that on the death of Mrs. Sherrod, some estate was bequeathed to her children existing at that period, though born after the testator's decease. A particular estate was carved out, with a gift over to the children of the person taking that interest. Such gift will embrace not only the objects living at the death of the testator, but all who may subsequently come into existence before the period of distribution. In cases falling within this rule, the children living at the death of the testator take a vested interest in their shares (though future in enjoyment), subject to divestiture, *pro tanto*, as the number of objects is augmented during the life of the tenant for life ; so that their shares, on their death before the termination of the life estate, if transmissible, would go to their respective representatives. 2 Jarman on Wills, pp. 74, 75, 76. Therefore,

whatever interest Benjamin and Francis acquired by the death of their mother was vested in them before her death, but opened to admit Alice when she was born. What was that interest? The will says, for the sole and special use of the mother and her children, and after her death, for the special use and benefit of her children. A particular estate was carved out of the entire legacy, to continue during the life of the mother, for the benefit of herself and her children, with remainder to her children. The will does not say, that after her death the children are to have her share, nor that Benjamin and Francis are to have any greater or different interest than she is to have during her life. All that is given to her and her existent children is given over to her children after her death.

The appellees contend, that Mrs. Sherrod and her children, Benjamin and Francis, had the right to have the *corpus* of the fund expended for their benefit during the life of Mrs. Sherrod. They invoke the principle, that an absolute power of disposition or alienation in the first taker defeats a limitation over by way of executory devise, and cite *McRee's Adm'rs* v. *Means*, 34 Ala. 349. The controlling rule in the exposition of wills is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law. If two parts of a will are totally irreconcilable, the subsequent words must be taken as an indication of a subsequent intention. But they should, if possible, be reconciled, and the intention be collected from the whole will. If two intents are inconsistent with each other, that which is primary will control that which is secondary.

Governed by the above rules, the construction of the appellees will not be made, unless it be indispensable. If the testator had added to the words " for the sole and special use and benefit of Sarah A. Sherrod and her children," the words " during her life," they would, beyond question, have limited the use and benefit to the life of the mother. The equivalent words, " and after her death," must be allowed the same operation. The rule, that a remainder may be limited after a life estate in personal property, is as well settled as any other principle of our law. The bequest to the children " after her death " cannot be disregarded, but must restrain the former words, and may be reconciled with them. The only evidence of two intents is the fact that children were born before and after the death of the testator. We may look to the situation of the parties, the motives which might naturally operate on the testator, and any other circumstances calculated to give evidence of intention, in construing ambiguous expressions. When these aids concur with the literal import of the words, there is every reason to support the intention they indicate.

Mrs. Sherrod was the niece of the testator's wife, and it is natural to suppose that his affection for her children was mainly due to his regard for her. No reason is apparent why he should have preferred some of her children to others. Those living were very young. The bequest was not large, and would be more useful to the family collectively, than separately. He was not willing for her husband to acquire any interest in it, but after her death he wished her children to have whatever was left. The uncertainty of the sum which might remain formed no objection. The legacy, though small, was not consumed by the use. *Upwell* v. *Halsey*, 1 P. W. 651. The case of *Smith* v. *Bell*, 6 Peters (U. S. R.), 68, is very similar to this one, and contains a review of many leading authorities on the points involved.

Our decision is, that all of the children of Mrs. Sherrod, including Alice, are equal participants in the property, and that Benjamin's share, having been vested in him, goes to his personal representatives; and that the trustee should be credited with all sums paid for the use and benefit of the beneficiaries, and be charged with the balance not so accounted for.

The decree is reversed, and the cause remanded.