## Head v. Lane, et al.

### Bill to Quiet Title and Enjoin Trespass.

(Decided May 14, 1914.  65 South. 343.)

1. *Wills; Life Estate; Power of Disposition; Interest of Donee or Beneficiary.*—Under section 2423, Code 1907, a particular estate with absolute power of disposition as to any future estate limited thereon is a particular estate only as to the donee, but as to privities of and purchasers from the holders of the particular estate, it passes into a fee simple title; hence, only creditors of and purchasers from the life tenant can question the integrity of the future estate limited thereon.

2. *Same; Statute.*—It was within. the power of the legislature to declare as in section 3423, Code 1907, that a particular estate accompanied with an absolute power of disposition in the holder, as between himself and the owner of a future estate limited thereon, should support such future estate.

3. *Same; Relief Against* *Purchaser From Life Tenant.*—Where the life tenant who had absolute power of disposition, with remainder over, sold the property when insane and thereafter died, the chancery court can give the remainderman relief against such conveyance, as it was a nullity under section 3347, Code 1907.

APPEAL from Coffee Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. M. Head against Malissa Lane and others to quiet title to land and to enjoin trespass thereon. From a decree overruling demurrers to the answer and cross-bill, and holding the pleas sufficient, complainant appeals. Affirmed.

The case made by the bill is that the complainant was in possession of the land, and had obtained title thereto in the following manner: That the lands were the property of A. S. Head during his life, and used by him for farming purposes, and that when he died he left a last will and testament, in which appears the following:

"I hereby give, devise and bequeath to my beloved wife Rebecca Head, my entire estate, real, personal and mixed, to be hers during her natural life, with full power and authority in her to keep it, consume it, sell or dispose of it in any way she may desire."

That said will was duly probated, and said Rebecca Head went into possession of these and other lands, rented them out, and used them, until by deed of conveyance for a valuable consideration she sold the lands described inthe bill to orator on October 12, 1912.

The answer and cross-bill set up that the lands were the lands of A. S. Head; that the provisions of the will were as stated in the bill, with the further allegation that by said will all the land and property that remained undisposed of at the death of Rebecca Head should

be and become the property of Malissa Lane, one of the respondents and an adopted daughter of the said A. S. and Rebecca Head. The answers and cross-bill then alleges that at the time of the conveyance under which W. M. Head claims said Rebecca Head was mentally incompetent and incapacitated to execute a deed of conveyance; that no consideration was paid therefor; and undue influence.

W. W. SANDERS, for appellant. Under the will Rebecca Head, as beneficiary took a fee simple title to the land by virtue of the general power of disposition given her in the will.—§§ 3425-6, Code 1907; *Bolman v. Lohman,* 79 Ala. 63; *Adams v. Mason,* 85 Ala. 452; *Hood v. Bramlett,* 105 Ala. 660; *Smith v. Phillips,* 131 Ala. 629; *Neighbors v. Woolsey,* 174 Ala. 289. Malissa Lane has no standing in a court of equity to question the disposition of the land by the conveyance of Rebecca Head, and if she acquired any interest in the land, it was a contingent remainder only, and she cannot be heard to question the disposition thereof by a life tenant.—§ 3398, 3401, Code 1907; *McRae v. Means,* 34 Ala. 349; *Smith v. Phillips,* 131 Ala. 629; 40 Cyc. 1645. It, therefore, appears that she had no authority to maintain a bill or cross-bill to quiet title.—§§ 5443-4, Code 1907; *McRae v. Means, supra; Robinson v. Joplin,* 54 Ala. 70. Under § 3398, Code 1907, there being no trust accompanying the power of disposition, and no remainder, Mr. Head took a fee simple title.—§§ 3425-6, Code 1907, and authorities supra.

J. A. CARNLEY, and RILEY & CARMICHAEL, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—"When an absolute power of disposition, *not accompanied by any trust,* is given

to the owner of a *particular estate for life or years,* such estate is changed into a fee simple absolute, as to the *rights of creditors and purchasers,* but subject to any future estates limited thereon, *in case the power is not executed,* or the lands sold for the satisfaction of debts, during the continuance of such particular estate."— Code 197, § 3423.

The true interpretation of the above statute—and its language is plain and free from ambignity—was given by this court in *Alford's Adm'r v. Alford's Adm'r,* 56 Ala. 350. In that case it was, in effect, decided that the plain purpose of the Legislature in the above statute was to declare that a particular estate, although accompanied with an absolute power of disposition in the owner of such particular estate, should, as to any future estate or estates limited thereon, be held to be a particular estate, and only a particular estate; but that, as to the creditors of and purchasers from the tenant of the particular estate, such particular estate should be regarded and held to be a fee simple estate. In the case of *Rutledge, et al. v. Cramton, et al.,* 150 Ala. 275, 43 South. 822, the statute was again construed, the case of *Bolman v. Lohman,* 79 Ala. 63, was explained, and the doctrine announced in *Alford's Adm'r v. Alford's Adm'r, supra,* was reaffirmed.

The competency of the Legislature to declare that a particular estate accompanied with an absolute *power* of disposition in the holder of such particular estate *shall* possess all the needed quantities necessary, as between the *owner* of the particular estate and his or her heirs and the owner of a future estate limited thereon, to support such future estate cannot be doubted, and it would seem, therefore, that, in so far as appellees are concerned, if there was no *valid* disposition of the property described in the bill by the life tenant, then that

property belongs to appellees. Under the very language of the statute, if there are no creditors of the life tenant, and no valid disposition of the property was made by the life tenant, then the property is now the property of those to whom the future estate in the property, dependent upon the life estate, was limited.

Only creditors of and lawful purchasers from the life tenant can raise any question as to the integrity of the future estate which is limited upon such life estate.—*Alford's Adm'r v. Alford's Adm'r, supra; Rutledge, et al. v. Cramton, et al., supra.*

2. In the instant case the life tenant, with absolute power of disposition, sold the property during her life. She is now dead, and the owner of the future estate, which came into possession when the life tenant died if there has been no valid disposition of the property by the life tenant, claims that the life tenant was insane when she sold the property. If the life tenant was insane when she sold the property, the sale was a nullity (see section 3348 of the Code), and, upon the death of the life tenant, the remainderman became legally the owner of the property, and certainly has the right to appeal to a court of equity for relief against a conveyance which was made by the life tenant while she was mentally irresponsible. If the life tenant was insane when she made the conveyance of the property, there certainly was no valid execution of the power of sale. If the conveyance is invalid—if, in fact, there has been no valid execution of the power of sale by the life tenant.—then certainly a court of chancery can give to the present true owner of the property the relief which she needs.—*Alford's Adm'r v. Alford's Adm'r, supra; Rutledge, et al. v. Cramton, et al., supra; Young v. Sheldon,* 139 Ala. 444, 36 South. 27, 101 Am. St. Rep. 44; *Nabors v. Woolsey,* 174 Ala. 289, 56 South. 533.

[Gingold v. Coplon.]

The above being our conclusions, the decree of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.