(75 South. 170)

BYNUM v. SWOOPE. (8 Div. 940.)

(Supreme Court of Alabama. April 5, 1917. Rehearing Denied May 17, 1917.)

WILLS &616(5)—RESIDUARY DEVISE—DEATH OF LIFE TENANT.

Testator devised to his widow his entire estate, for life, to be used at her discretion, with power to sell the same without liability to account, and then made a gift over of all of the estate not disposed of by the wife to the heirs of his body. The widow purchased real estate in her own name, paying from funds belonging to the estate. *Held* such investment for the use of the life tenant did not destroy its equitable character as part of the corpus of the estate; so that on the widow's death the property passed by the residuary devise to the testator's bodily heirs, notwithstanding the widow's will, reciting that the property was her separate estate, purchased with her own funds, had attempted to devise it to another.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1422.]

Appeal from Chancery Court, Lawrence County; James E. Horton, Jr., Chancellor.

Suit by J. K. Swoope, as executor, against Susie Swoope Bynum. From decree for complainant, respondent appeals. Affirmed.

E. W. Godbey, of Decatur, for appellant. Kirk & Rather, of Tuscumbia, for appellee.

This case is submitted under Supreme Court rule 46 (178 Ala. xix, 65 South. vii), and the opinion of the court is delivered by SOMERVILLE, J.:

The bill of complaint is filed by J. K. Swoope, as executor of the several estates of Charles C. Swoope, and his widow, Fannie R. Swoope, deceased. Its purpose is to bring said estates in chancery for administration and settlement, to sell the personal property for distribution, and to fix the status of certain real estate, whether belonging to the one estate or the other. This real estate is claimed by the appellant, Susie Swoope Bynum, as devisee under the will of her grandmother, said Fannie R. Swoope, and her de-murrer to the bill of complaint presents the only question involved in this appeal.

The status of this property is to be determined on the following allegations of the bill: Charles C. Swoope devised to his wife all of his estate of every description, for and during her life, to be used and enjoyed at her discretion, without liability to account to any one therefor, and with full power to sell and dispose of same, without liability to account to any one. The testator then makes a gift over of all of said estate, not disposed of by the testator's said widow at her death, to the heirs of his body, share and share alike.

Mrs. Fannie Swoope purchased the real estate here in question, taking the deed in her own name, and caused the executor to pay the purchase price out of funds in his hands belonging to the estate—the proceeds of an insurance policy on the life of the testator. By the terms of Mrs. Swoope's will this real estate is devised to the appellant, Susie Swoope Bynum, and the will recites that it is her separate estate, purchased with her own funds.

On the authority of Smith v. Cain, 187 Ala. 174, 65 South. 367, where the effect of such testamentary provisions was fully and carefully considered, we hold that under the allegations of the bill the investment of the money of the estate in this property, being a mere commutation as to form, for the use and benefit of the life tenant, did not destroy its equitable character as part of the corpus of the estate; and that, upon the death of Mrs. Swoope, the property passed by the residuary devise to the testator's bodily heirs. Mrs. Swoope might have given this property to her intended beneficiary during her lifetime, but it is clear that she could not do so by the posthumous operation of a testamentary devise.

The demurrer was properly overruled, and the decree of the chancery court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.