(80 South. 867)

EDWARDS et al. v. WILLIAMSON et al.
(8 Div. 39.)

(Supreme Court of Alabama. Jan. 16, 1919. Rehearing Denied Feb. 6, 1919.)

1. REMAINDERS ⟎3—VALIDITY.

Although testator gave to his wife a life estate, with power of disposition, the remainder over to the children of testator's brother was, in view of Code 1907, § 3423, valid, except as to creditors and purchasers.

2. LIFE ESTATES ⟎15 — ACCUMULATION OF INCOME.

Under will giving wife life estate, with power of disposition, the remainder over to children of testator's brother did not include any accumulations of savings of the wife, though derived from the use or income of the property left, where the wife's estate entitled her to entire use of the income.

3. WILLS ⟎490—PROPERTY COVERED—BURDEN OF PROOF.

As to personal property which was in the name of the wife at her death, and had been in her name for a number of years, those claiming as remaindermen under will of husband had the burden of showing that said property was covered thereby, and did not belong to the wife.

4. WILLS ⟎490—PERSONAL PROPERTY COVERED—PROOF.

Those claiming as remaindermen under will of husband giving life estate to wife *held* not to have discharged burden of proof required to show that personal property, which was in the name of the wife at her death, was covered by husband's will, and was not her absolute property.

Appeal from Circuit Court, Morgan County; James E. Houghton, Jr., Judge.

Bill by Mrs. Julia B. Edwards and others, as the sole heirs and distributees of Mrs.

America W. Neville, against Sadie William-son and others, as the heirs of J. A. Neville and remainderman and devisee under the last will and testament of R. B. Neville. The bill sought the removal of both estates from the probate to the chancery court, the mar-shaling of the assets and their separation, and for appointment of a receiver to collect and distribute the estates under the direc-tion of the court. The chancellor denied the relief prayed, and dismissed the bill, and the complainants appeal. Reversed and remand-ed, with directions.

E. W. Godbey, of Decatur, for appellants.
Wert & Lynne, of Decatur, for appellees.

PER CURIAM. [1, 2] The will of R. B. Neville gave his wife, America W. Neville, a life estate, with power of disposition, but with remainder over to the children of his brother, J. A. Neville, of all personal prop-erty not consumed by the life tenant, all lands unsold, or the proceeds of lands sold under the power, and remaining in the hands of the wife at the time of her death. The remainder was therefore valid and binding, except as to creditors and purchasers, but who are not involved here, as the controversy is between the respective heirs of the testator and the life tenant. Section 3423 of the Code of 1907. We do not think, however, that the remainder included any accumulations or savings of the life tenant, though derived from the use or income of the property left, as her life estate entitled her to the entire use and income from the property, and funds that she may have had at the time of her death, though resulting from the use, manage-ment, and control of the husband's estate, belonged to her absolutely, as did all property owned by her independent of the will. In other words, the remainder could not extend beyond the corpus of the estate left by the husband, as distinguished from any increase of same due to the accumulation by the life tenant through the income therefrom, and is confined to the lands left by him at the time of his death and unsold by the wife, the pro-ceeds of the sale of his lands left by the wife and other personal property which he owned at the time of his death, and which had not been consumed by the wife prior to her death. It is manifest that the Trinity home, which was sold by the probate court, belonged to the testator, and was in no sense an asset of the estate of the wife, Mrs. A. W. Neville. It is also shown that the Penny mortgage was for the purchase money of certain land belonging to the husband, and was, of course, the proceeds of same, and it could not be an asset of the wife's estate.

[3] As to the other personal property, it stood in the name of the wife at her death, and had been in her name for a number of years, and, her death occurring 20 years after the death of the husband, the burden of proof was upon those claiming under the will to show that it was covered thereby and did not belong to the wife. The evidence on this point is by no means clear and definite, as offered by either side. The respondents attempt certain deductions by showing that the testator must have had' some money on hand resulting from the sale of a certain piece of land shortly before his death, and that the wife had no means of her own. The complainants have shown, however, that the wife did have a certain mortgage due her before the death of her husband, and which was prima facie hers, whether he furnished her the money to make the loan or not, and which may have been a part of the proceeds of the sale of the land made by him before his death. Moreover, the wife had the power under the will to use and consume for her support and personal property left, as well as the proceeds of the land which she was authorized to sell, and she was under no duty to live upon her own means and leave uncon-sumed funds left her by her husband for maintenance and support.

[4] We are therefore of the opinion that the respondents have not satisfactorily met the burden cast upon them by showing that the personal property, other than the Penny mortgage, was covered by the will, and was not the absolute property of Mrs. A. W. Neville. We think that the trial court erred in denying complainants relief, and the decree is reversed, and the cause is remand-ed, in order that the circuit court may as-sume jurisdiction of these estates and order the collection and disbursement of the as-sets in conformity with this opinion, and to appoint a receiver to that end, should it be necessary.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.